UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SALLY D. MOTHERWAY,

    Plaintiff,

v.                                            Case No: 2:15-cv-68-FtM-29CM

TEACHERS INSURANCE AND
ANNUITY ASSOCIATION OF
AMERICA - COLLEGE
RETIREMENT AND EQUITIES
FUND INDIVIDUAL &
INSTITUTIONAL SERVICES,
LLC,

    Defendant.

## ORDER

This matter comes before the Court upon review of Cross-Defendant Carmel Motherway's Motion for Extension of Time, *nunc pro tunc*, in Which to Submit Name of Proposed Guardian Ad Litem (Doc. 68) filed on April 4, 2016. For the reasons that follow, the Motion is due to be denied.

On February 22, 2016, the Court entered an Order granting in part and denying in part Carmel Motherway's Motion for Court Ordered Psychological Evaluation to Determine Competency of Plaintiff and, if Necessary, for Appointment of a Guardian Ad Litem (Doc. 43). In the Order, the Court directed the parties

> to confer and submit the name of an agreed upon qualified individual to serve as guardian ad litem in this case. If the parties cannot agree, they must file a joint status report which includes the following: (1) the reasons for their disagreement; (2) a list of two names – one per party - of qualified individuals that each party proposes to act as guardian ad litem for Sally; (3) an explanation as to why each party has selected their

>proposed guardian ad litem; and (4) an explanation why each party opposes the other party's choice.

Doc. 63 at 13. The parties were provided a deadline of March 7, 2016 to comply with the Court's Order. *Id.* at 14. The Court subsequently extended the deadline to March 28, 2016. Doc. 66.

On March 28, 2016, Plaintiff, through her counsel, filed a report informing the Court that "after considerable effort" she selected Gerald Hemness, Esq. to act as a her guardian ad litem. Doc. 67 at 1. On March 21, 2016, Plaintiff's counsel sent the name and website information of the proposed guardian ad litem for approval via e-mail to all counsel of record and via overnight mail to all *pro se* parties to this action. *Id.* The result was either no objections, no response, or "takes no position." *Id.* Carmel Motherway did not respond. *Id.*

Now, Carmel Motherway seeks an extension until April 28, 2018 to submit the name of a proposed guardian ad litem. Doc. 68 at 1. She states that she did not pick up the Court's Order dated February 22, 2016 from the post box until March 25, 2016 due to illness. She further states that she "has begun efforts to obtain the name of a suitable candidate for the Court's consideration and has come to the belief that it will be no easy task." *Id.* On April 7, 2016, Plaintiff filed her opposition to Carmel Motherway's requested relief. Doc. 69.

The Court's Order of February 22, 2016 specifically required the parties "to confer and submit the name of an agreed upon qualified individual." Doc. 63 at 13. In the event that the parties could not agree, they were required to file a "joint status report." *Id.* Here, Plaintiff's counsel stated that Plaintiff's proposed guardian ad

litem was sent via overnight mail[1] to Carmel Motherway on March 21, 2016, which should have been received by the time Carmel Motherway states she picked up the Court's Order. Carmel Motherway has not indicated any efforts to confer with Plaintiff's counsel regarding Plaintiff's proposed guardian ad litem. Moreover, she has provided no objections to Plaintiff's proposed guardian ad litem. Plaintiff's counsel states that all parties in this matter have either agreed to the appointment of Gerald L. Hemness, stated their lack of a position in the matter, or failed to respond. Doc. 69 at 3. Moreover, the Affidavit of Mara Anne Motherway, Plaintiff's daughter and co-trustee of Plaintiff's revocable living trust, states that she and her co-trustee are in agreement with the selection of Gerald L. Hemness as guardian ad litem. *Id.* at 6.

Under the circumstances of this case, the Court finds that any further delay in selecting the guardian ad litem is unnecessary and against Plaintiff's interests. "The sole purpose of the appointment of a guardian ad litem 'is to protect the interests of the incompetent person.'" *Scannavino v. Florida Dep't of Corr.*, 242 F.R.D. 662, 667 (M.D. Fla. 2007). The Court's initial Order on this matter was entered on February 22, 2016. In an affidavit, Plaintiff's daughter and co-trustee states that due to "[Plaintiff's] advanced age, further delays are contrary and damaging to [her] interests." Doc. 69 at 6. The Court agrees. "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of the

---

[1] Carmel Motherway is a licensed attorney but appears *pro se* in this action. See Doc. 63 at 2 n. 2.

specific litigation." *Scannavino*, 242 F.R.D. at 667 (citing *Thomas v. Humfield*, 916 F.2d 1032, 1034 (5th Cir. 1990)). Gerald L. Hemness, Esq. is a member in good standing of the Florida Bar[2] and no party has advanced any objections or reasons why he is ineligible to act as guardian ad litem for Sally Motherway.[3]

ACCORDINGLY, it is hereby

**ORDERED:**

1. Cross-Defendant Carmel Motherway's Motion for Extension of Time, *nunc pro tunc*, in Which to Submit Name of Proposed Guardian Ad Titem (Doc. 68) is **DENIED**.

2. Gerald L. Hemness, Esq. is hereby appointed guardian ad litem for Plaintiff, Sally Motherway.

3. The Clerk is directed to edit the docket to reflect the appointment of Gerald L. Hemness as guardian ad litem for Plaintiff.

4. Counsel for Plaintiff shall contact the Clerk **on or before April 26, 2016** and provide a physical and e-mail address for Gerald L. Hemness. Upon receipt of such, the Clerk shall update the docket accordingly and subsequently forward any pleadings to Mr. Hemness' e-mail or mailing address.

---

[2] *See* Floridabar.org.

[3] "Technically, an incompetent plaintiff sues by a prochein ami, or 'next friend,' and an incompetent defendant defends by a guardian ad litem;" however, the distinction has largely become irrelevant as it appears Fed. R. Civ. P. 17(c) has abandoned the distinction. *Scannavino*, 242 F.R.D at 667 n. 5 (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 198 n. 1 (2d Cir.2003).

**DONE** and **ORDERED** in Fort Myers, Florida on this 22nd day of April, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record