UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SALLY D. MOTHERWAY,

    Plaintiff,

v.                                            Case No: 2:15-cv-68-FtM-29CM

TEACHERS INSURANCE AND
ANNUITY ASSOCIATION OF
AMERICA - COLLEGE
RETIREMENT AND EQUITIES
FUND INDIVIDUAL &
INSTITUTIONAL SERVICES,
LLC,

    Defendant.

## ORDER

This matter comes before the Court upon review of Request for Entry of Default (Doc. 80) filed on November 16, 2016. Plaintiff moves for entry of Clerk's default against Joseph E. Motherway for failure to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is due to be denied without prejudice.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ.

>P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009). Rule 4(c)(1) requires that a summons be served with a copy of the complaint, and it is the plaintiff's responsibility to ensure proper service of the summons and complaint. Fed. R. Civ. P. 4(c)(1); see also *Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007).

Here, it is not clear whether service was properly effected. The Return of Service states that on May 27, 2015, the Summons on a Third Party Complaint was served upon Jean Motherway, as spouse, at Joseph E. Motherway's usual place of abode. Doc. 79. The Return of Summons does not indicate whether the Amended Crossclaim naming Mr. Motherway as a Cross-Defendant accompanied the summons that was served upon him.[1]

ACCORDINGLY, it is hereby

**ORDERED:**

Request for Entry of Default (Doc. 80) is **DENIED without prejudice**.

---

[1] Plaintiff's complaint was filed against Teachers Insurance and Annuity Association of America – College Retirement and Equities Fund (TIAA-CREF) only. Doc. 2. Later, the Court substituted Teachers Insurance and Annuity Association of America – College Retirement and Equities Fund Individual & Institutional Services, LLC ("TIAA-CREF Institutional Services, LLC") as Defendant. Doc. 17. On April 27, 2015, TIAA-CREF Institutional Services, LLC filed a Counter/Cross-Claim in Interpleader, Declaratory Judgment and Joinder of Necessary Parties to this Dispute, listing Joseph E. Motherway as a Cross-Defendant. Doc. 14. On May 4, 2015, TIAA-CREF Institutional Services, LLC filed an Amended Cross-Claim. Doc. 18.

DONE and ORDERED in Fort Myers, Florida on this 20th day of December, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record