UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SALLY D. MOTHERWAY,

    Plaintiff,

v.                                      Case No: 2:15-cv-68-FtM-29CM

TEACHERS INSURANCE AND
ANNUITY ASSOCIATION OF
AMERICA - COLLEGE
RETIREMENT AND EQUITIES
FUND INDIVIDUAL &
INSTITUTIONAL SERVICES,
LLC,

    Defendant.

## ORDER

This matter comes before the Court upon review of the Amended Request for Entry of Default (Doc. 88) and five Requests for Entry of Default (Docs. 88-1 through 88-5). Plaintiff moves for entry of Clerk's Default against Cross-Defendants Joseph E. Motherway (Doc. 88), Edward J. Motherway (Doc. 88-1), John A. Fisher[1] (Doc. 88-2), Melita M. Motherway (Doc. 88-3), Suzanne M. Murray (Doc. 88-4), and William D. Motherway (Doc. 88-5) for failure to plead or otherwise defend, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

---

[1] Plaintiff requests entry of Clerk's default against John A. Fisher; however, the proper Cross-Defendant is First American Bank, as Temporary Co-Trustee of the Sally D. Motherway Living Revocable Trust. Docs. 88-2 at 1; 18 at 2. John A. Fisher is the President and Chief Executive Officer of First American Bank. Doc. 22.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Prior to directing the Clerk to enter a default, the Court must first determine whether Cross-Defendants were properly served. *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357 at *1 (M.D. Fla. June 24, 2009).

The Federal Rules of Civil Procedure allow for service upon an individual within a judicial district of the United States. Fed. R. Civ. P. 4(e). The process server may deliver a copy of the summons and complaint to the individual personally, or "at the individual's dwelling or usual place of abode or with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(A),(B). Service on a corporation can be made by any manner accepted in the state where the district court is located or where service is made or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1).

Here, the Return of Service for Joseph E. Motherway states that on May 27, 2015, a process server from MLQ Attorney Services Inc. served a true copy of the "Summons On A Third Party Complaint, Amended Cross Complaint for Declarator [sic] and Injunctive Relief and Answer of TIAA-CREF and Counter/Cross-Claim in Interpleader Judgment, Declaratory Judgment and Joinder of Necessary Parties to

this Dispute," to Jean Motherway, spouse of Joseph E. Motherway, at their usual place of abode, at the address of 11802 Tommy Court, Monrovia, MD. Doc. 88 at 2. Affidavits by process servers constitute a prima facie showing that defendants have been served. *Udoinyion v. The Guardian Security*, 440 F. App'x 731, 735 (11th Cir. 2011) (holding that unsworn and unsigned letters were insufficient to call into question prima facie evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre*, Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012). Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(e)(2)(B).

Next, the Proof of Service for Edward J. Motherway states that on May 23, 2015, a process server for MLQ Attorney Services Inc. personally served a true copy of the "Summons on a Third Party Complaint, Amended Cross Claim, Complaint for Declarator[sic] and Injunctive Relief and Answer of TIAA-CREF and Counter/Cross-Claim in Interpleader, Declaratory Judgment and Joinder of Necessary Parties to this Dispute" upon Edward J. Motherway at 4 Meadowwood Drive, Suffield, CT 06078. Doc 88-1 at 2. Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(e)(2)(A).

Next, the Proof of Service for John A. Fisher, Chief Executive Officer and President of Cross-Defendant First American Bank, states that on May 26, 2015, a process server for MLQ Attorney Services Inc., personally served a true copy of the "Summons on a Third Party Complaint, Amended Cross Claim, Complaint for Declarator[sic] and Injunctive Relief and Answer of TIAA-CREF and Counter/Cross-

Claim in Interpleader, Declaratory Judgment and Joinder of Necessary Parties to this Dispute," upon John A. Fisher at 3360 Pine Ridge Rd, Naples, FL 34109. Doc. 88-2 at 2. Service of process therefore was properly effected under Federal Rule of Civil Procedure R. Civ. P. 4(h).

Next, the Proof of Service for Melita M. Motherway, states that on May 26, 2015, a process server for MLQ Attorney Services Inc., personally served a true copy of the "Summons on a Third Party Complaint, Amended Cross Claim, Complaint for Declarator[sic] and Injunctive Relief and Answer of TIAA-CREF and Counter/Cross-Claim in Interpleader, Declaratory Judgment and Joinder of Necessary Parties to this Dispute" upon Melita M. Motherway at 17 Greenbriar Court, Mystic, CT 06355. Doc. 88-3 at 2. Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(e)(2)(A).

Next, the Proof of Service for Suzanne M. Murray states that on May 26, 2015, a process server for MLQ Attorney Services Inc., personally served a true copy of the "Summons on a Third Party Complaint, Amended Cross Claim, Complaint for Declarator[sic] and Injunctive Relief and Answer of TIAA-CREF and Counter/Cross-Claim in Interpleader, Declaratory Judgment and Joinder of Necessary Parties to this Dispute" upon Suzanne M. Murray at 216 Haverhill Avenue N. Kingston, RI 02852. Doc. 88-4 at 2. Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(e)(2)(A).

Lastly, the Proof of Service for William D. Motherway states that on May 22, 2015, a process server for MLQ Attorney Services Inc., personally served a true copy

of the "Summons on a Third Party Complaint, Amended Cross Claim, Complaint for Declarator[sic] and Injunctive Relief and Answer of TIAA-CREF and Counter/Cross-Claim in Interpleader, Declaratory Judgment and Joinder of Necessary Parties to this Dispute" upon William D. Motherway at 4 Longfellow Place #601, Boston, MA 02114. Doc. 88-5 at 2. Service of Process therefore was properly effected under Federal Rule of Civil Procedure 4(e)(2)(A).

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), a defendant must serve an answer within 21 days after being served with the summons and complaint. Cross-Defendants Joseph E. Motherway, Edward J. Motherway, First American Bank, Melita M Motherway, and Suzanne M. Murray have failed to answer within the time period; therefore, entry of Clerk's Default against them pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b) is appropriate against them.

In a document dated June 6, 2015, William D. Motherway, who was served on May 22, 2015, sent an Answer to TIAA-CREF's Counter/Cross-Claim in Joinder, Interpleader and Declaratory Relief. Doc. 29. William D. Motherway states he "claim[s] no interest in the subject of the action," and requests the Court to "please leave me unentangled by denying TIAA CREF's request to join me." *Id.* at 1, 2. Upon review of William D. Motherway's "answer," the Court finds that he has no interest in participating in this litigation or initiating a defense. Indeed, he has not filed any further pleadings in this matter. Therefore, entry of Clerk's Default

pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b) is appropriate against him.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Amended Request for Entry of Default against Cross-Defendant Joseph E. Motherway (Doc. 88) is **GRANTED**

2. Plaintiff's Request for Entry of Default against Cross-Defendant Edward J. Motherway (Doc. 88-1) is **GRANTED**

3. Plaintiff's Request for Entry of Default against Cross-Defendant First American Bank, as Temporary Co-Trustee of the Sally D. Motherway Living Revocable Trust (Doc. 88-2) is **GRANTED.**

4. Plaintiff's Request for Entry of Default against Melita M. Motherway (Doc. 88-3) is **GRANTED**.

5. Plaintiff's Request for Entry of Default against Suzanne M. Murray (Doc. 88-4) is **GRANTED.**

6. Plaintiff's Request for Entry of Default against William D. Motherway (Doc. 88-5) is **GRANTED**

7. The Clerk is directed to enter a Clerk's Default against Defendants Joseph E. Motherway, Edward J. Motherway, American Bank, as Temporary Co-Trustee of the Sally D. Motherway Living Revocable Trust, Melita M. Motherway, Suzanne M. Murray, and William D. Motherway.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15th day of May, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record