UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SALLY D. MOTHERWAY,

    Plaintiff,

v.                           Case No: 2:15-cv-68-FtM-29CM

TEACHERS INSURANCE AND
ANNUITY ASSOCIATION OF
AMERICA – COLLEGE RETIREMENT
AND EQUITIES FUND INDIVIDUAL
& INSTITUTIONAL SERVICES,
LLC,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff Sally Motherway's Motion for Summary Judgment (Doc. #127) filed on August 21, 2017. Sally Motherway (plaintiff) moves for summary judgment as to the potential claims of remaining cross-defendants Christine Engustian, Megan Motherway, Mara Motherway, Mavis Motherway, and Carmel Motherway, and as to the defaulted cross-defendants Joseph E. Motherway, Edward J. Motherway, First American Bank, Melita M. Motherway, Suzanna M. Murray, and William D. Motherway. (Id.) Carmel Motherway filed a Response to the Motion for Summary Judgment (Doc. #138) and Christine Engustian filed a Notice that she would not be filing a substantive response to the Motion for Summary Judgment due to ongoing settlement discussions (Doc.

#136). The other cross-defendants have not filed Responses and the time to do so has expired.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983) (finding summary judgment "may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that

should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

**II.**

This matter arises out of payouts on annuity contracts maintained by TIAA-CREF Individual & Institutional Services, LLC. (Doc. #2.)

In 2004, plaintiff Sally Motherway created an estate plan pursuant to Florida law, which included a Living Revocable Trust and a durable power of attorney. (Doc. #2, ¶ 11; Doc. #127, p. 2.) Her assets included Annuity Contracts with Teachers Insurance and Annuity Association of America – College Retirement and Equities Fund Individual & Institutional Services, LLC ("TC Services"),[1] which generated income for plaintiff during her lifetime. (Doc. #127, p. 2.)

Plaintiff, exercising her rights under the annuity contracts, gave instructions to TC Services to deposit funds paid from the

---

[1] Originally the action was brought against Teachers Insurance and Annuity Association of America – College Retirement and Equities Fund (TIAA-CREF), but later TIAA-CREF was dismissed from the action and TIAA-CREF Individual & Institutional Services, LLC ("TC Services") was substituted in its place as the proper party. (Doc. #17.) For sake of simplicity, the Court will only refer to TC Services throughout this Opinion and Order.

annuity contracts into her Florida trust account. (Id. at 3.)  TC Services honored plaintiff's instruction through October 2013. (Id.)  Then TC Services received an order from the Rhode Island court indicating that two guardians had been appointed on behalf of Sally Motherway.  (Id.)  After receiving the Rhode Island order, TC Services changed the payee of the accounts from Sally Motherway's Florida trust account to an account created by the Rhode Island guardians established in the state of Rhode Island, and began distributing accrued funds and monthly distributions to the Rhode Island guardians.  (Id. at 4.)

On December 4, 2014, Sally Motherway filed this action in Florida state court for declaratory and injunctive relief, seeking to enjoin TC Services from distributing funds from her retirement account administered by TC Services.  (Doc. #2; Doc. #127, p. 4.) On February 4, 2015, TC Services removed the action to this Court. (Doc. #1.)  On April 27, 2015, TC Services answered and filed a third-party interpleader complaint against Christine Engustian, Megan Motherway, Mara Motherway, Mavis Motherway, and Carmel Motherway, and other alleged beneficiaries of the accounts, seeking clarification as to whose instructions it should follow and where payments should be made.  (Docs. ##14, 18.)

Since the filing of the third-party interpleader complaint, some of the interpleaded parties have been dismissed from the

matter by stipulation or have had a clerk's default entered against them for failure to respond to the third-party interpleader complaint. (Docs. ##100-02, 104.) Specifically, Sherry Goldin was dismissed with prejudice by stipulation, and a clerk's default was entered as to Joseph E. Motherway, Edward J. Motherway, American Bank, as Temporary Co-Trustee of the Sally D. Motherway Living Revocable Trust, Melita M. Motherway, Suzanne M. Murray, and William D. Motherway. (Id.) Therefore, the only parties who have not been dismissed or had a clerk's default entered against them are Christine Engustian, Megan Motherway, Mara Motherway, Mavis Motherway, and Carmel Motherway.

On August 21, 2017, plaintiff filed a Motion for Summary Judgment against the remaining cross-defendants, Christine Engustian, Megan Motherway, Mara Motherway, Mavis Motherway, and Carmel Motherway, and also as to the parties against whom the clerk's default was entered, Joseph E. Motherway, Edward J. Motherway, American Bank, as Temporary Co-Trustee of the Sally D. Motherway Living Revocable Trust, Melita M. Motherway, Suzanne M. Murray, and William D. Motherway. (Doc. #127.) On January 5, 2018, plaintiff and Christine Engustian filed a Stipulation for Dismissal, agreeing to the dismissal with prejudice of all claims and counterclaims (Doc. #139), and on January 8, 2018, an Order was entered dismissing Christine Engustian with prejudice (Doc.

#140). On January 2, 2018, Carmel filed an Opposition to plaintiff Sally Motherway's Motion for Summary Judgment. (Doc. #138.) The other parties have not responded and the time to do so has expired.[2]

**III.**

The only remaining claims in this action are those at issue in the third-party interpleader complaint. (See Doc. #130.) Cross-defendants were interpleaded into this action by TC Services as potential future beneficiaries of the funds at issue. However, as beneficiaries, their interests have not vested and are contingent, at a minimum, upon the death of the plaintiff, Sally Motherway. Because these beneficiaries do not have any present right to the funds at issue, the Court finds that plaintiff Sally Motherway is the only individual entitled to her annuity distribution proceeds. As such, the Court dismisses without prejudice Megan Motherway, Mavis Motherway, and Carmel Motherway as any potential claims to the proceeds are not ripe and for lack of standing.

Plaintiff also seeks entry of summary judgment as to the parties against whom a clerk's default was entered. (Doc. #127, pp. 13-14.) Because a Clerk's Entry of Default (Doc. #104) was

---

[2] On December 19, 2017, the Court directed cross-defendants to file a Response to plaintiff's Motion for Summary Judgment within ten days or the Court would rule without the benefit of a Response. (Doc. #135.)

issued against all potential claimants who failed to file a timely claim or answer, the Court will grant summary judgment as to the parties against whom a clerk's default was entered.

Lastly, plaintiff asserts that Mara Motherway should be dismissed from this action because she was never served with process. (Doc. #127, pp. 14-15.) Pursuant to Rule 4(m), if service is not effectuated within ninety days of the filing of the complaint, the court "must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). Therefore, Mara Motherway is dismissed without prejudice from this action.

Accordingly, plaintiff is the only party entitled to the funds at issue in this matter, and therefore instructions regarding payments should be taken from, and payments should be made to, plaintiff Sally Motherway.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Summary Judgment (Doc. #127) is **GRANTED.**

2. Cross-defendants Megan Motherway, Mavis Motherway, Carmel Motherway, and Mara Motherway are **dismissed without prejudice**.

3. Summary judgment is granted in favor of plaintiff and against the defaulted cross-defendants, Joseph E. Motherway,

Edward J. Motherway, American Bank, as Temporary Co-Trustee of the Sally D. Motherway Living Revocable Trust, Melita M. Motherway, Suzanne M. Murray, and William D. Motherway, who have neither answered nor presented any claims to the proceeds at issue. Judgment shall enter in favor of plaintiff as to entitlement of the funds at issue. Plaintiff is the sole party entitled to the funds and entitled to instruct as to the distribution of the funds.

4. The Clerk shall terminate all remaining deadlines and motions and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __11th__ day of January, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record